243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

# United States District Court

District: Middle District of Pennsylvania

Name of Movant: Aleta Estell Taylor
Prisoner No.: 10188-067
Case No.: CR-00108-03

Place of Confinement: Alderson Federal Prison Camp

UNITED STATES OF AMERICA   v.   Aleta Estell Taylor
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack: United States District Court For the Middle District of Pennsylvania

2. Date of judgment of conviction: September 9th, 2001

3. Length of sentence: 100 Months

4. Nature of offense involved (all counts): Count 1: 21 U.S.C. § 856 - Operating/Maintaining Drug Distribution Site.

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☑
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: N/A

FILED
HARRISBURG, PA
JAN 28 2005
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☑

7. Did you testify at the trial?
   Yes ☐ No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☑

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:
   (a) Name of court __N/A__
   (b) Result __N/A__
   (c) Date of result __N/A__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:
    (a) (1) Name of court __U.S. District Court for the Middle District of Penn.__
        (2) Nature of proceeding __28 U.S.C. 2255 Filed: October 29, 2003__
        (3) Grounds raised __Ineffective assistance of Counsel__

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☒ No ☐
        (5) Result __Denied__
        (6) Date of result __March 19, 2004__

    (b) As to any second petition, application or motion give the same information:
        (1) Name of court __N/A__
        (2) Nature of proceeding __N/A__
        (3) Grounds raised __N/A__

AO 243 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐
    (5) Result __N/A__
    (6) Date of result __N/A__

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐ No ☐
    (2) Second petition, etc.    Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
__N/A__

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: _See Attached: Supplement to 28 U.S.C. 2255_

Supporting FACTS (state *briefly* without citing cases or law) _Also on the Supplement to 28 U.S.C. 2255._

B. Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

AO 243 (Rev. 5/85)

   D. Ground four: _____

   Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____
See Attached: Supplement to 28 U.S.C. 2255

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
   Yes ☐ No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing Timothy O'Connell
   4415 N. Front St, Harrisburg, PA 17110

   (b) At arraignment and plea Timothy O'Connell
   4415 N. Front St, Harrisburg, PA 17110

   (c) At trial N/A

   (d) At sentencing Timothy O'Connell
   4415 N. Front St, Harrisburg, PA 17110

(6)

AO 243 (Rev. 5/85)

(e) On appeal  N/A

(f) In any post-conviction proceeding  N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding  N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☑

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on
January 20th, 2005
   (date)

_____
Signature of Movant

(7)

SUPPLEMENT TO 28 U.S.C. 2255

GROUND ONE: Sixth Amendment Violation - Enhancements For Factors not Admitted nor Found by a Jury.

On September 09, 2001, Petitioner appeared before the Honorable Judge William W. Caldwell, and entered a plea of guilty to: operating and maintaining a drug distribution site

Petitioner was enhanced 34 points for:

*See Attached.*

Petitioner neither admitted, nor was the 34 points enhancement found by a jury. the sentence based on the 34 point enhancement violated Petitioner's Sixth Amendment Constitutional Right to a trial by jury.

Americans right to a jury trial is more than two centuries old. the right to have a jury make the ultimate determination of guilt has an impressive pedigree. Blackstone described "trial by jury" as requiring that "the truth of every accusation whether preferred in the shape of indictment, information or appeal should afterwards be confirmed by unanimous suffrage of twelve of the defendants equals and neighbors." Justice story wrote that the "trial by jury" guarantes by the Constitution was "generally understood to mean...a trial by a jury of twelve men, impartially selected who must unanimously concur in the guilt of the accused before a legal conviction can be had."

One important purpose of the Sixth Amendment's jury trial

Petitioner was enhanced 34 points for:

A base offense level of thirty-four for offenses that involve at least 150 grams, but less than 500 grams of cocaine base.
                                                                            34

2D1.1(b)(1), two levels are added if a dangerous weapon was possessed. A 9MM Ruger pistol that belonged to Derek Johnson, was seized by authorities from Ms. Taylor's residence.
                                                                            +2

Seven (7) criminal history points establish a criminal history category of IV. (Zone D)(Range: 210 + 262 Mos.)

guarantee is to protect the criminal defendant against potentially arbitrary judges. It effectuates this promise by preserving as a constitutional matter certain fundamental decisions for a jury of one's peers as opposed to a judge. the jury trial guarantee was also understood to provide "an inestimable safeguard against the corrupt or overzealous prosecutor and against the complaint, biased or eccentric judge." Thus, although a judge may direct a verdict for the defendant if the evidence is legally insufficient to establish guilt, he may not direct a verdict for the government no matter how overwhelming the evidence. A judge in a criminal case may not direct a verdict, even a partial verdict, for the government even though the evidence is overwhelming or even undisputed on the point.

The rule is firmly established that the trial judge cannot direct a verdict in favor of the government for all or even one element of a crime. The former Fifth Circuit emphatically stated this principle:

> "No fact, not even an undisputed fact may be determined by the Judge. The plea of not guilty puts all in issue, even the most potent truth. In our federal system, the Trial Court may never instruct a verdict either in whole or in part."

The rational behind this rule is respect for and adherence to the jury system. the jury's overriding responsibility is to stand between the accused and a potentially arbitrary or abusive Government that is in command of the criminal sanction. For this reason, a trial judge is prohibited from entering a judgement of conviction or directing a jury to come forward with such a verdict regardless of how overwhelming the evidence may point in that direction.

There is no reason to deny the defendant the right to a jury determination where the evidence seems overwhelmingly in favor of the government. An accused person has the same right to have 12 laymen pronounce upon the truth or falsify of each material overment in the indictment if the evidence against him is clear and uncontradicted, as he unfquestionably would have if it were doubtful and conflicting. In as much as jurors are rightly trusted, in close and difficult cases, to maintain the peace and dignity of organized society, surely they may be relied upon in the plain and simple ones.

In 2000, the Supreme court held in Apprendi v. New Jersey, 530 U.S. 466 (2000) that any fact other than the fact of a prior conviction that exposes a defendant to a penalty in excess of the statutory maximum must be pled and proved to a jury beyond a reasonable doubt.

On June 24, 2004, the Supreme Court in Blakely v. Washington, 540 U.S. 965 (June 24, 2004), struck down a state sentencing scheme that in many ways resembles the federal sentencing guideline.

In Blakely, the Supreme Court considered whether the sentencing procedure followed by courts in the State of Washington deprived the petitioner of his "federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence." 204 WL 1402697 @ 4. In the state proceedings, the Blakely petitioner pleaded guilty to second-degree kidnapping involving domestic violence and the use of a firearm, Id at 2. Under the Washington Criminal Code, second-degree kidnapping is a class B felony that carries a maximun statutory sentence of ten years. Id. The Washington Sentencing Return Act (the Washington Act) further limited the sentencing range to 49-53 months. Id. The Washington Act, however, permitted the judge to impose a sentence above the rang upon

finding "substantial and compelling reasons justifying an exceptional sentence." Id. (citing Wash. Rev. Code S9.94 A.210(2)). During the petitioner's sentencing proceeding, the judge imposed an "exceptional sentence" of 90 months. Id at 3. This enhanced sentence was based on the judge's finding that the defendant used "deliberate cruelty" which is a statutory enumerated ground for domestic violence cases under the Washington Act, Id. The sentence was upheld on rehearing and on appeal to the Washington State Court of Appeals. Id. at 4. The Washington Supreme Court denied discretionary review. Id.

On review to the United States Supreme Court, the Court held that the State's sentencing procedure violated the petitioner's Sixth Amendment right to trial by jury under Apprendi and its progeny. Id at 6; See 530 U.S. 466 (2000). In Apprendi, the Court determined that "other than the fact of a prior conviction any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Id. at 490. The Court reasoned that the Due Process Clause and the Sixth Amendment right to a jury trial "indisputably entitles a criminal defendant to a "jury determination that he is guilty of every element of the crime with which he is charged beyond a reasonable doubt." Id. at 477.

The Supreme Court in Blakely said that Blakely's right to a jury trial meant that jurors should have weighted in on any factors that boosted the sentence. Justice Scalia stressed a broad right to a jury trial. "Just as suffrage insures the people's ...control in the legislation and executive trenches, jury trial (ensures) their control in the judiciary.

Petitioner argues that the Apprendi line of cases, as clarified by Blakely, establishes that her sentence violates Petitioner's Sixth

Amendment right to a jury trial and that the court's imposition of this sentence constitutes clear error. Proper analysis of this argument requires the court to (1) determine, in light of Blakely, the facts on which is constitutionally permissible to base Petitioner's sentence and the maximum sentence permitted by these facts and (2) compare the maximum sentence to that imposed. In so doing, Petitioner has thus far served more time than she should legally have served. Petitioner has been serving time well beyond what the law allows for the crime to which she confessed, on the basis of a finding submitted to the court by the probation department and sentenced by the trial judge. The ruling in Blakely gives Petitioner a right to demand that every fact that could lengthen her sentence should have been to a jury and proved beyond a reasonable doubt.

Since June 24, 2004, several other Courts have followed Blakely, supra. In United States v. Croxford, No.2:02-CR-00302 PGC (D.Ut. June 29, 2004), the Honorable Paul G. Cassell noted "three options for dealing with Blakely" in terms of a remedy for aggrieved criminal defendants:

(1) the court could convene a sentencing jury, which would determine (presumably by proof beyond a reasonable doubt) whether the facts underlying the enhancement could be proven; (2) the court could continue to follow the other sections of the Guidelines apart from the defective upward enhancement provisions; or (3) the court could treat the Guidelines as unconstitutional in their entirety in this case and sentence Croxford between the statutory minimum and maximum.

After rejecting the first and second option, the court chose the third option "By default..." Id, slip op. at 24.

In reviewing Croxford, supra, Judge Goodwin in the Southern District of West Virginia stated that..."based on my reading of Blakely, I part ways

with Judge Cassell concerning a choice between available options." "I endorse Judge Cassell's approach, however, to the extent he stresses the continuing necessity of consider all subsections of Section 3553 in imposing a sentence following Blakely."

Judge Goodwin was one of the first judges to apply Blakely in the case of United States v. Ronald Shamblin, Cr. 03-217 (S.D.W.V. June 30, 2004). In said case, Judge Goodwin who has already knocked down a life sentence to twenty years under Apprendi, further reduced it on a Rule 35 motion to 12 months under Blakely, based only on those sentencing factors that the defendant admitted during the plea collogay (i.e. buying Sudafed in exchange for meth). In granting defendant Shamblins motion, Judge Goodwin stated the following:

"Today, Shamblin's case illustrates the upheaval that Blakey will cause in federal courts, at least for time. At 240 months, Shamblin's sentence represented much that is wrong about the Sentencing Guidelines; at 12 months, it is almost certainly inadgequate. My duty, however, is only to apply the law as I find it. Accordingly, I have GRANTED the defendant's motion."

Petitioner here makes only one request of the District Court of the Middle District of Pennsylvania,     Division and follow the ruling outlined in Blakely. The end result would be a ruling in favor of Petitioner.

## CONCLUSION

According to the United States Supreme Court, "there is no iron curtain drawn between the Constitution and the prisoners of this country." <u>Wolff v. McDonnell</u>, 481 US 539, 555-56, 94 S. Ct. 2963, 2974-75.

Prisoners, no matter how incorrigible, no matter how despicable their crimes, <u>do have rights.</u> They have rights under certain statutes and regulations and <u>they have rights derived from the United States Constitution.</u>

Becasue Petitioner never admitted to the enhanced charge(s) which increased her guideline level and thereby her subsequent sentence and since the charge was never submitted to a jury, Petitioner's sentence cannot be sustained.

The right to a jury finding is a constitutional right guaranteed by the Sixth Amendment over two years ago. <u>Apprendi,</u> a ruling in 2000 was merely a ruling that was a direct result of the Sixth Amendment. <u>Blakely,</u> decided June 24, 2004 is a further fallout from the high court's decision in <u>Apprendi</u>, that juries, not judges, must decide facts of a case that lengthen a prison term.

For the points of authority and reasons stated herein, Petitioner submits that the relief she is seeking must be <u>GRANTED.</u>

Respectfully submitted this 20th day of January 2005.

*Aleta Estell Taylor*
Aleta Taylor, pro se

CITES

US V. Brisbon, 184 F. Supp 2D 1379, 1383

US V. Alvarez, 115 F. 3d 839, 842

US V. Addonizio, 442 US 178,187 99 S. ct 2235 2241 60 L.Ed 2D 805, 812

Coady V. Vaugn, 251 F. 3D 480, 485

US V. Peoples 38 Fed Appx 704

US V. Thomas, 1998 WL 633981

Pennington V. US, 1999 WL 14052

Miller V. New Jersey, 145 F. 3D 616, 619

Cooper V. Price, 82 Fed Appx 258, 260

US V. Isaac, 141 F. 3D 477, 481

Wade V. US, 504 U.S. 181, 185, 186, 112 S ct 1840, 1843-1844, 118 L.Ed. 2D 524, 531

United States V. Booker, Freddie, 375 F.3d 508 (04-104)
Oral Argument: October 4, 2004   Opinion Issued: January 12, 2005
(Affirmed and Remanded)

United States V. Fanfan, Duncan, 375 F.3d 508 (04-105)
Oral Argument: October 4, 2004   Opinion Issued: January 12, 2005
(Vacated and Remanded)

ALETA TAYLOR 10188-067
RANGE 4
FEDERAL PRISON CAMP
P.O. Box A
ALDERSON, WV 24910

OFFICE OF THE CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF PA.
U.S. COURT HOUSE
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA. 17108

# NEW CASE OPENING:

## CASE NUMBER:

1:cv-05-189

## JUDGE ASSIGNMENT:

Caldwell/HBG

## CASE CAPTION:

Taylor vs USA

## DATE FILED:

1/28/05